The Board of School Commissioners of Indianapolis *v.* Magner, City Clerk.

---

No. 10,489.

## THE BOARD OF SCHOOL COMMISSIONERS OF INDIANAPOLIS *v.* MAGNER, CITY CLERK.

SCHOOL LAW.—*Poll Tax.—City.—School Commissioners.*—The board of school commissioners of Indianapolis has no power to levy a poll tax for the support of the common schools of the city or for a special fund for the support of such schools.

From the Superior Court of Marion County.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellant.

*C. S. Denny,* for appellee.

WOODS, J.—The board of school commissioners of the city of Indianapolis, on the 18th day of August, 1882, levied the following taxes: The sum of twenty cents on each one hundred dollars of property assessed for city taxes, and one dollar on each poll subject to poll tax, within the city, for a special fund for the support of the schools; and for the support of libraries the sum of two cents on the one hundred

dollars. These levies were duly certified to the appellee Magner, as clerk of the city, but he refused to place the poll tax so levied on the duplicate; whereupon the appellant applied for a mandate, which the superior court, both at special and at general term, refused to grant, holding that the board of school commissioners had no power to levy the poll tax. The question thus presented is one of statutory construction.

The school board of the city of Indianapolis came into existence by force of, and its powers are defined by, the act approved March 3d, 1871, which contains the following provisions:

Section 4. " Such board of school commissioners is hereby authorized—* * * *Second*. To levy all taxes for the support of the schools within such city, including such taxes as may be required for paying teachers, in addition to the taxes now authorized to be levied by the General Assembly of this State by the general laws thereof: *Provided*, No such tax levy, in any one year, shall exceed the sum of twenty-five cents on each one hundred dollars of the taxable property, as assessed for city taxes by the city assessor, for purchasing grounds, building school houses, and furnishing supplies for such buildings; or twenty-five cents on each one hundred dollars of such taxable property, for the purpose of paying teachers."

Section 5. "All levies of taxes made by order of the board of school commissioners shall be certified by its president and secretary to the city clerk, who shall cause the same to be placed on the tax duplicate against all property assessed for city taxes; and the city treasurer shall collect the same as city taxes are collected," etc.

Section 8. "All parts of the general school laws of this State, not inconsistent herewith, and which may be applicable to the general system of common schools in such city, herein provided for, shall be in full force and effect in such city." R. S. 1881, sections 4460, 4461, 4463.

By the third section of the act of February 13th, 1877, the foregoing act was modified by a provision that " it shall not

be lawful for the board of school commissioners of any such city, to levy or assess taxes, for any one year, exceeding, in the aggregate, twenty cents on the one hundred dollars of property returned upon the city tax duplicate for the current year."

Counsel for the appellant say: " It must be borne in mind that the power given is to levy all taxes for the support of the schools, etc., and that the limit is only as to the amount that may be levied upon taxable property." On the other hand, it is claimed that the entire power to tax which is conferred upon this board is confined to property, and this, it is argued, is made clear by the fact that the city clerk is given no power to put any other than a property tax upon the duplicate for collection.

In respect to the construction of local powers to tax, Cooley, in his work on Taxation, at page 209, says: " In the construction of any grant of the power to tax made by the State to one of its municipalities, the rule which is accepted by all the authorities is, that it should be with strictness. The reasonable presumption is held to be, that the State has granted in clear and unmistakable terms, all it has intended to grant at all; and whatsoever authority the municipal officers assume to exercise, they must be able to show the warrant for in the words of the grant. There is no inherent power in the municipalities to levy taxes; they can tax only as the State in its wisdom has thought proper to permit, and if the State has erred in the direction of strictness, the Legislature alone can correct the evil."

If the rule of strict construction can with propriety be applied to a grant of power to levy one tax rather than another, it would seem that the discrimination should be against poll taxes, for, while nominally equal, they are in fact heaviest upon those who are least able to bear them, and who, presumably, derive the smallest share of benefits from the uses to which they are applied. This, however, is a matter for legislative rather than judicial consideration. The question

here is, whether there is warrant in the law for the power which in this instance the appellant assumed to exercise.

It is manifest that the power to levy a poll tax is not directly and explicitly conferred upon the appellant by either of the acts referred to, and if the power exists it is by force of some provision or provisions "of the general school laws" of the State, which, it is declared, "shall be in full force and effect in such city," if applicable and not inconsistent with these acts. In this connection, our attention is called to the twelfth section of the school law of March 6th, 1865, and the amendment thereof, which took effect March 8th, 1873, R. S. 1881, section 4467, whereby it is provided, that " The trustees of the several townships, towns, and cities shall have the power to levy a special tax, in their respective townships, towns, or cities, for the construction, renting, or repairing of school houses, for providing furniture, school apparatus, and fuel therefor, and for the payment of other necessary expenses of the school, except tuition; but no tax shall exceed the sum of fifty cents 6n each one hundred dollars' worth of taxable property and one dollar on each poll, in any one year, and the income from said tax shall be denominated the special school revenue."

While this section of the law applies in terms to cities, it is only to such cities as have trustees; and, excepting Indianapolis, which alone has a board of school commissioners, under the act of 1871, the cities of the State each have a board of three school trustees, elected by the common council. R. S. 1881, section 4439. If this were not so, there would be much force in the suggestion that the section quoted should be interpreted as meaning, by *trustees* of cities, the board of school commissioners; but the suggestion can have little or no force when it is observed that the law as written is complete and consistent, and has no word or phrase which, when read literally, is deprived of its usual and proper significance.

If, however, it were conceded that the provision under consideration is applicable, and that the appellant had the power

therein defined, it would afford no support for the particular tax in question.

It is alleged in the complaint that this levy was made " for the support of the common schools of said city," and again that it was " for a special fund for the support of said schools ; " but, as we have seen, the power, under which the tax is sought to be justified, is given for expressly different purposes ; that is to say, " for the construction, renting, or repairing of school houses, for providing furniture," etc., " except tuition."

No other provision of law is cited in which the power contended for can be found, and we think it clear that it does not exist.

Judgment affirmed.